**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201,<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>**Golden Entertainment, Inc.,<br>T/A Rocky Gap Casino Resort**<br>6595 South Jones Blvd.<br>Las Vegas, Nevada 89118<br><br>       **Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Lisa Payton ("Payton") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Golden Entertainment Inc. t/a Rocky Gap Casino Resort ("Rocky Gap") unlawfully discriminated against Payton by subjecting her to sexual harassment and retaliated against her by discharging her for engaging in the protected activities of complaining of sexual harassment and of opposing discriminatory employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.      At all relevant times, Defendant Rocky Gap, a Minnesota Corporation, has continuously been doing business in the State of Maryland, Allegany County and has continually had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g), and (h).

6.      At all relevant times, Defendant employed Payton within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

## ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Payton filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On April 7, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On May 18, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. On July 31, 2020 the Commission issued a Second Letter of Determination finding reasonable cause to believe that it violated Title VII by constructively discharging Patyon and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the July 31, 2020 Letter of Determination.

14. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. On September 17, 2020, the Commission issued to Defendant a Second Notice of Failure of Conciliation.

16. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

17. Since at least May 30, 2017, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by subjecting Payton to sexual harassment and constructively discharging her.

    a. In or around May 2017, Payton began working for Defendant as a bar tender.

    b. Defendant frequently assigned Payton to work with bartender Brian Olinger (Olinger).

    c. Beginning on or around May 2017 Olinger made sexual comments to Payton while she worked and groped her buttocks, all of which were unwelcomed.

    d. Payton complained to her supervisors about Olinger's harassment, but Defendant continued to assign Payton to work with Olinger.

    e. Olinger continued to engage in the harassing behavior outlined in 17(c).

    f. Following Payton's complaint to her supervisors, Olinger pressed himself against Payton from behind so that she could feel his genitals against her buttocks.

    g. On or about July 20, 2017 Payton reported Olinger's conduct to Human Resources.

    h. Human Resources took no corrective measures against Olinger.

    i. In or about August 2017 Olinger approached Payton from behind and whispered to her that nothing bad would happen to him.

  j. Olinger's continued harassment was intolerable; and on or about September 22, 2017, Payton was constructively discharged.

18. Since at least July 2017, Defendant has engaged in unlawful employment practices in violation of Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a)(l).  These practices include taking adverse action against Payton in retaliation for complaining of sexual harassment and constructively discharging her.

  a. On or about July 20, 2017 Payton complained to Human Resources regarding Olinger's harassment.

  b. Immediately after the complaint Defendant reassigned Payton to work at a bar that was less lucrative in earnings potential and allowed Olinger to remain at his more lucrative work station.

  c. Defendant refused to allow Payton to return to her earlier and more lucrative assignment, even on nights when Olinger did not work.

  d. The reassignment to the less lucrative bar greatly reduced Payton's income.

  e. On or about August 29, 2017 Payton complained about the retaliatory assignment to Human Resources but Defendant took no corrective action and her assignments and income remained unchanged.

  f. The sizeable reduction in income, approximately 60%, resulted in Payton not earning enough to make a living, which in turn forced her to search for other employment, and on or about September 22, 2017 Defendant constructively discharged her.

19. The effect of the practices complained of above in Paragraphs 17 and 18 has been to deprive Payton of equal employment opportunities.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Payton.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment based on sex and from engaging in reprisal or retaliation against any person who engages in protected activity under Title VII;

B. Order Defendant to institute and carry out policies, practices, and programs which prevent harassment based on sex and prohibit reprisal or retaliation against any person who engages in protected activity under Title VII;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate harassment based on sex and that Defendant will not take any action against employees because they have exercised their rights under Title VII;

D. Order Defendant to make Payton whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

  E. Order Defendant to make Payton whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 17 and 18 above;

  F. Order Defendant to make Payton whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  G. Order Defendant to pay Payton punitive damages for its callous indifference to her federally protected right to be free from sex-based harassment and from retaliation for engaging in activities protected by Title VII;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        SHARON FAST GUSTAFSON
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

/S

_____
DEBRA M. LAWRENCE
Regional Attorney

/S

_____
ERIC S. THOMPSON
Senior Trial Attorney
UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270