IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) | Civil Action: 20-cv-02811-CCB |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Golden Entertainment, INC., | ) ) ) | |
| Defendant. | ) | |

**<u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Federal Rule of Evidence 502 be incorporated in an order;

Accordingly, it is this _____ day of _____, 2021, by the United States District Court for the District of Maryland, ORDERED:

1.      <u>Designation of Discovery Materials as Confidential</u>. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

a.      The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains (i) personal information of nonparty individuals, such as may be contained in current and former employees' personnel records; (ii) any information constituting or containing sensitive financial, trade secret, or other confidential proprietary business information, including but not limited to the financial, accounting, or other

private or confidential information of Defendant or of any current, former: or prospective customer, business partner, or third-party vendor of Defendant; and (iii) personal information and documents of a private, sensitive, and/or confidential nature such as medical information and except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

b.  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within fourteen days after receipt of the transcript, except that any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

c.  Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel, except as to the parties or any persons identified, respectively, in subparagraph (d) below, and not for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

d.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

i.  Disclosure may be made to parties to this litigation.

ii.  Disclosure may be made to in-house counsel to provide assistance in the conduct of the litigation in which the information was disclosed.

iii.  Disclosure may be made to outside counsel of record in this action, as well as employees of outside counsel who have direct functional responsibility for the preparation and trial of the lawsuit and to whom it is reasonably necessary to disclose such information for purposes of this litigation. Any such employee to whom counsel for the parties

makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

        iv.      Disclosure may be made only to employees of parties (including in-house counsel) required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

        v.      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

        vi.      Disclosure may be made to the court and its personnel in accordance with paragraph 2.

        vii.      Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "Experts") and their staff employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any consultant, investigator, or expert, said individual must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. (*See* Exhibit A.)

        viii.      Disclosure may be made to any mediator or settlement officer and their staff, mutually agreed upon by the parties if engaged in settlement discussions.

        ix.      Disclosure may be made to Charging Party.

    e.      Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as "CONFIDENTIAL" received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    f.      Medical, psychological, psychiatric, chiropractic and other healthcare records may be designated "ATTORNEY'S EYES ONLY." Documents bearing this designation are subject to all terms of this agreement with the exception that disclosure may only be made under the following circumstances:

i.      Disclosure may be made to in-house counsel and employees of the legal department to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom in-house counsel makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

ii.      Disclosure may be made to outside counsel of record in this action, as well as employees of outside counsel who have direct functional responsibility for the preparation and trial of the lawsuit and to whom it is reasonably necessary to disclose such information for purposes of this litigation. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

iii.      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iv.      Disclosure may be made to the court and its personnel.

v.      Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "Experts") and their staff employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any consultant, investigator, or expert, said individual must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. (See Exhibit A.)

vi.      Disclosure may be made to any mediator or settlement officer and their staff, mutually agreed upon by the parties if engaged in settlement discussions.

g.      All copies, duplicates (including duplicates obtained from third parties), extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents

or information designated as "CONFIDENTIAL" under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.      Should a party believe that it is necessary to file another party's confidential material with the Court, the disclosing party shall have the option to:

a.      Inform counsel for the non-disclosing party in writing of the documents it proposes to file before filing any documents.

b.      Counsel for the non-disclosing party will inform the party seeking to file the protected information whether he/she consents to the proposed filing.

c.      If counsel for the non-disclosing party does not consent to disclosure, he/she will immediately seek a protective order. Said protective order must be filed with the Court within five business days of the day the disclosing party receives written notice under subsection (a) above. If said protective order is not filed within five business days, the non-disclosing party shall be entitled to proceed using the aforementioned documents. The non-disclosing party shall not file any document(s) while the motion for protective order is pending, unless the documents are filed under seal.

d.      To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are filed with the Court following the issuance of a protective order pursuant to subparagraphs 2(a)-(c) or filed without a waiver of confidentiality pursuant to 2(c), those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court, together with a motion to seal filed in accordance with the Court's Local Rule 105.11. Alternatively, a party may file redacted information that is designated "CONFIDENTIAL" with the Court, so long as that party redacts any and all information from the documents filed that is considered confidential,

private or sensitive, after consulting and reaching an agreement with opposing counsel as to the information to be redacted.

   e.  Parties shall retain the option to file any document marked as "Confidential" under seal, without utilizing the process described in subparagraphs 2(a)-2(c), above.

   3.  Without losing the confidentiality of any Confidential Information, any material stamped "CONFIDENTIAL" under this Protective Order may be filed with the Court or shown to a jury after it has been redacted so as to obscure the confidential information. Confidential Information used as exhibits at trial shall otherwise be handled in accordance with the requirements and procedures of the Court. Prior to any trial in this case, counsel for the parties shall endeavor to reach agreement on the handling of confidential material at that trial, so as to create the most efficient trial possible.

   4.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph 1 of this Order or Local Rule 104.13. Notwithstanding the foregoing, the parties may redact from production the social security numbers, private contact information, bank account numbers, and sensitive medical information of individuals who are not parties to this lawsuit, and any other information required to be redacted under the Federal Rules of Civil Procedure and this Court's Local Rules.

   5.  A designation of confidentiality may be challenged upon motion. In such event, the burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

   6.  The prohibitions of this Order do not restrict a party with respect to its own documents or information, including, but not limited to, a party's use of its own Confidential Information in filings with the Court and/or in the regular course of its business.

7.      Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall make no use of the privileged information.

8.      The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

9.      This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Confidentiality Agreement or to modify this Confidentiality Agreement at any time in the interest of justice.

10.      At the end of this litigation the Clerk shall return to counsel any sealed material.


Dated: April 20, 2021


| | |
|---|---|
| /s/ *Debra M. Lawrence* | /s/*Dana B. Salmonson* |
| Debra M. Lawrence | Robert R. Niccolini, D. Md. No. 24873 |
| Eric Stephen Thompson | OGLETREE, DEAKINS, NASH, |
| United States Equal Employment Opportunity | SMOAK & STEWART, P.C. |
| Commission | 1909 K Street, N.W., Suite 1000 |
| Baltimore Field Office | Washington, DC 20006 |
| George H. Fallon Federal Building | |
| 31 Hopkins Plaza, Suite 1432 | Anthony L. Martin (*pro hac vice*) |
| Baltimore, MD 21201-2525 | Dana B. Salmonson (*pro hac vice*) |
| | OGLETREE, DEAKINS, NASH, SMOAK & |
| *Counsel for Plaintiff* | STEWART, P.C. |
| | 3800 Howard Hughes Parkway, Ste. 1500 |
| | Las Vegas, NV 89169 |
| | |
| | *Counsel for Defendant* |


**SO ORDERED:**

Dated this _____ day of _____, 2021.

BY THE COURT:

_____

The Honorable Catherine C. Blake
United States District Judge

## EXHIBIT A

## AGREEMENT CONCERNING INFORMATION
## COVERED BY A CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he/she has read the Confidentiality Order ("Order") in *U.S. Equal Employment Opportunity Commission v. Golden Entertainment, Inc.*, No. 1:20-cv-02811-CCB, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the District of Maryland for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.


Dated: _____


By: _____


_____
(Type or print name of individual)


Of: _____
    Name of Employer

46749521.1