IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>      Plaintiff,<br><br>v.<br><br>GOLDEN ENTERTAINMENT, INC.<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 20-cv-02811-LKG<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

**I.       INTRODUCTION**

The Court granted Defendant's motion for summary judgment on EEOC's claims for retaliatory schedule change and constructive discharge, finding Payton did not suffer an adverse action when Defendant reduced her assignments to On the Rocks (OTR) and her working conditions were not intolerable. However, Defendant did not dispute Payton's testimony that tips, including cash tips, decreased when the assignments to OTR dwindled. Were the Court to consider the evidence regarding tips, there becomes a material issue of fact as to whether the loss of compensation was materially adverse, and along with continued harassment, created intolerable working conditions, thereby making summary judgment of the issues of retaliation and constructive discharge inappropriate.

**II.      STANDARD FOR GRANTING A MOTION FOR RECONSIDERATION**

Defendant's failure to rebut the evidence regarding tips warrants reconsideration under Fed. R. Civ. P. 54(b), which governs reconsideration of partial summary judgment. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Such orders are interlocutory in nature and not subject to the strict standards applicable to motions for

1

reconsideration of a final judgment. *Id.* "This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted" and may reconsider its decisions at its discretion. *Id.* EEOC therefore requests this Court use its discretion to reconsider its ruling in light of Defendant's failure to dispute the evidence regarding Payton's tips.

### III. Reconsideration Is Appropriate Because Defendant Failed to Rebut EEOC's Evidence of Payton's Reduced Tips Following her Schedule Change from OTR

The Fourth Circuit has made clear that an unfavorable schedule change is an adverse action for the purposes of a Title VII retaliation claim when it results in a loss of compensation. *Ray v. Int'l Paper Co.*, 909 F.3d 661, 670 (4th Cir. 2018).[1] Tips were overwhelmingly the largest portion of compensation for Payton. J.R. 1060-1069. Brian Olinger, a long-tenured bartender, and Supervisor Richard Langton, confirmed tips were better at OTR than ALM, the bar where Payton was transferred. J.R. 1209-1210 (Langton dep. p. 41:9-p. 42:14); Exhibit A-10, J.R. 595 (Olinger dep. p. 32:3-6). The Court found it was undisputed Payton received fewer assignments to OTR after she complained of harassment and Payton clearly testified that she suffered a loss of income from the loss of OTR shifts. ECF 46 at pp. 3&5. Defendant has argued Payton lacks records regarding her earnings, cash tips in particular, but this is unavailing. A claimant's testimony regarding her earnings is sufficient to create a material issue of fact and thereby preclude summary judgment. *EEOC v. Ecology Services, Inc.*, 447 F.Supp.3d 420, 446–47 (D. Md. 2020). This is particularly true where there is other evidence regarding Payton's income. Payton's testimony that she made $200 a night at OTR, Ex. A-11, J.R. 732-733 (Payton dep. p.

---

[1] Even if the schedule change had not resulted in wage loss, that it came about only because Payton reported harassment, is still retaliatory. In the coming term, the Supreme Court will consider whether discriminatory transfers/shift changes, without more, are actionable. *See* Muldrow v. St. Louis, MO, et al., *cert. granted*, 2023 WL 4278441 (U.S. Jun. 30, 2023).

104:17-p. 105:14), is matched by Olinger's testimony that he made $200 to $350 at OTR, A-10, J.R. 587 (Olinger dep. p. 24:5-13), and restaurant manager Robert Arbogast's testimony that OTR was the most lucrative bar on the property Ex. A-02, J.R. 27-28 (Arbogast dep. at p. 14:21-p. 15:1). Further, Payton's testimony is not undermined by her earnings statements, as it is undisputed that most of her tips were in cash and not documented on her earnings statement. Ex. A-11, J.R. 786-787 (Payton dep. 158:21-159:2); Exhibit B-3, J.R. 1060-1069. Accordingly, there is a material issue of fact regarding Payton's earnings.

Payton's testimony regarding her earnings is material notwithstanding the fact that she earned her second highest paycheck after she reported harassment and she remained eligible to work shifts at OTR after reporting harassment. The Fourth Circuit held that when demonstrating an adverse action, mere eligibility for compensation does not defeat a plaintiff's testimony of lost earnings. *Ray supra,* at 668, 670 (4th Cir. 2018). In *Ray*, the employer barred the plaintiff from performing voluntary overtime work but continued to assign to her mandatory overtime work which eventually resulted in increased earnings. *Id.* Relying on the increased income, the district court ruled there was no material adverse action and granted summary judgment on her claim for retaliation. *Id.* at 670. The Fourth Circuit reversed, holding "Ray's total amount of overtime income in 2015 bears little relevance to her claim that her income was affected negatively, at least for a period, because she was denied the opportunity to do voluntary overtime work." *Id.* at 668. Here, Payton may have remained eligible to work at OTR, but she was only scheduled for OTR twice after making her complaint. ECF No. 46 at p. 5. Had she received more OTR assignments in the future she would have been in no better position than the plaintiff in *Ray* who received greater compensation eventually but received less compensation "at least for a period."

The undisputed decrease in shifts therefore constitutes an adverse action and precludes summary judgment.

IV. **When Payton's Economic Losses are Taken into Account, Record Evidence Demonstrates there is A Material Issue of Fact Regarding the Intolerability of Payton's Working Conditions**

Constructive discharge may be established upon sufficient evidence that "working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Pennsylvania State Police v. Suders,* 542 U.S. 129, 141 (2004). Relying on Defendant's arguments regarding wages, the Court premised its grant of summary judgment on the finding that Payton's wages did not change after she reported Olinger's conduct. ECF No. 46 p. 16. As argued above, contrary to Defendant's assertions, there was indeed a decrease in wages. Further, the Court found there is sufficient evidence that sexual harassment continued after Payton reported it to management. ECF No. 46 at p. 14. In the Fourth Circuit, continuing harassment demonstrates intolerable working conditions. *Amirmokri v. Baltimore Gas and Elec. Co*., 60 F.3d 1126, 1132 (4th Cir. 1995). The intolerability of decreased wages and continued harassment is an issue appropriate for resolution by a jury. Plaintiff therefore respectfully requests reconsideration.

IV. CONCLUSION

The evidence regarding Payton's wages warrants reconsideration of the decisions granting summary judgment on the retaliation and constructive discharge claims.

Respectfully submitted,

/S

_____
DEBRA M. LAWRENCE
Regional Attorney

/S

_____
ERIC S. THOMPSON
Senior Trial Attorney