## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 1:20-cv-02811-LKG |
| | ) | |
| **GOLDEN ENTERTAINMENT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MEMORANUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

After reviewing the record evidence and considering both parties' legal arguments and related case law, this Court correctly granted Defendant's Motion for Summary Judgment as to Plaintiff's claims for retaliation and constructive discharge.  Plaintiff is, in essence, now asking the Court to "try again" but with no new evidence, facts or case law that was not previously considered by the Court. Instead, Plaintiff merely rehashes the same arguments in its Opposition, a rationale that is not a proper basis for reconsideration.  *Butler v. PP & G, Inc.,* CIV.A. WMN-13-430, 2014 WL 199001, at *2 (D. Md. Jan 16, 2014)( motions to reconsider should not be granted if Plaintiff merely re-argues the prior motion or restates legal arguments the Court previously rejected.)

This Court did not, as Plaintiff alleges, fail to consider evidence of Lisa Payton's ("Payton") alleged tips or whether and to what extent Payton's work conditions were so intolerable to create an issue of fact as to whether she was constructively discharged.  To the contrary, Defendant did refute Plaintiff's claim about Payton's tips and the Court was very clear in its Order, citing both record evidence and case law, that Payton did not suffer an adverse action to support a retaliation claim, nor was there a genuine issue of material fact as to whether she was constructively discharged. Accordingly, this Court should affirm its Order granting, in part, Defendant's Motion for Summary Judgment.

## I.      PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A.      Legal Standard for Motion for Reconsideration

Fed. R. Civ. P. 54(b) governs reconsideration of orders that do not constitute final judgments in a case, and provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions (*see Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003)), reconsideration is generally appropriate only if it satisfies one of three grounds: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *See Potter v. Potter,* 199 F.R.D. 550, 552 n. 1 (D. Md. 2001); *Jackson v. Geren,* 2008 WL 7728653, at *1 (D. Md. 2008); *Beyond Sys., Inc. v. Kraft Foods, Inc.,* No. PJM–08–409, 2010 WL 3059344, at *1–2 (D. Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)).  S*ee also Carlson v. Bos. Sci. Corp*., 856 F.3d 320, 325 (4th Cir. 2017). This three-part test shares the same three elements as the Fourth Circuit's tests for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order. *See Am. Canoe Assn. Inc. v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003).

Plaintiff has not identified on what specific grounds it seeks reconsideration.  Regardless, Plaintiff has not met its burden under any of the applicable grounds.  Reconsideration should, therefore, be denied.

### B.      There is No Intervening Change in Controlling Law

Plaintiff merely includes a footnote in its Motion that, "[i]n the coming term, the Supreme Court will consider whether discriminatory transfers/shift changes, without more, are actionable. *See Muldrow. St. Louis, MO et al., cert granted,* 2023 WL 4278441 (U.S. June 30, 2023.)"  (ECF

No. 48-1, fn. 1.)  This does not equate to an intervening change in controlling law that would impact the Court's ruling on Plaintiff's claim for retaliation or constructive discharge.

### C.      Plaintiff Has Not Put Forth Any New Evidence to Support its Motion for Reconsideration

Plaintiff has not put forth any new evidence that would require this Court to reconsider its Order.  Rather, Plaintiff incorrectly contends that Defendant failed to rebut "evidence" of Payton's reduced tips.  (ECF No. 48-1) Contrary to Plaintiff's Motion, Defendant did, in fact, dispute Payton's tip income.  (*See, generally,* ECF Nos. 38-1, 41.)   In reality, Defendant's Reply brief dedicates approximately six (6) pages in support as to why summary judgment is appropriate regarding Plaintiff's retaliation and constructive discharge claims, and almost four (4) of those pages address Payton's change in schedule and purported tip income and differentiates the case law Plaintiff argued in its Opposition.  (*See* ECF No. 41, pp. 10-13, 15-16.)

Regardless, even if Plaintiff had new evidence (which it does not), a party may not rely on new evidence to amend a previous judgment unless there is a valid reason the party did not present the evidence earlier.  *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.,* 2010 WL 1529195, at *2 (D. Md. Apr. 15 2010).  Plaintiff has not presented any reason whatsoever.

### D.      The Court's Summary Judgment Order was Not Based on Clear Error, nor Would it Manifest Injustice

This Court has previously held that motions to reconsider should not be granted if a plaintiff merely re-argues the prior motion or restates legal arguments the Court previously rejected.  *See Butler v. PP & G, Inc.,* CIV.A. WMN-13-430, 2014 WL 199001, at *2 (D. Md. Jan 16, 2014.)  Disagreement with the court's ruling is insufficient to show clear error to justify granting a motion to reconsider.  *See Kelly v. Johns Hopkins Univ.,* CV GLR-16-2835, 2018 WL 4211296, at *2 (D. Md. Aug. 14, 2018); *see also Sanders v. Prince George's Public School System,* No. RWT 08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement

with a court's rulings will not support granting such a request"). A motion for reconsideration "may not be used merely to reiterate arguments previously rejected by the court." *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 507 (D. Md. 2015). A "factually supported and legally justified decision does not constitute clear error;" clear error "cannot be just maybe or probably wrong; it must strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (internal citations omitted).

Without explicitly saying so, it appears that Plaintiff's true basis for seeking reconsideration is the argument that the Court committed clear error and/or that its decision will manifest injustice. Specifically, Plaintiff argues that Payton's loss of income was not considered and that had it been considered, summary judgment was not warranted on either the retaliation or constructive discharge claims. (ECF No. 48, p. 1.) To the contrary, the Court's Order ***specifically*** identified the facts ***and*** case law used to find in Defendant's favor on Plaintiff's retaliation and constructive discharge claims. The Court stated that the EEOC's argument that Payton suffered an adverse employment action was "not persuasive." (ECF No. 46, p. 15.) The Court also observed that there was no dispute that Payton remained eligible to work shifts at OTR after she reported Olinger's conduct and that she, in fact, did so. (*Id.*) The Court further noted in footnote 3 that:

> . . . the evidence before the Court shows that Ms. Payton's second most lucrative paycheck during her employment at Rocky Gap was for the pay period of September 7, 2017 through September 20, 2017, which occurred after she reported Mr. Olinger's conduct. J.R. at 1068. During this pay period, Ms. Payton worked one 8-hour shift at OTR on Wednesday, September 13, 2017, while the rest of her shifts were conducted at ALM. *Id.* at 1086.

(ECF No. 46, fn. 3.)

Plaintiff argues for the second time that: "continued harassment demonstrates intolerable working conditions". (ECF No. 48-1.) The Court considered Plaintiff's argument the first time around and correctly cited *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019) for the

principle that the intolerability standard for constructive discharge is actually ***higher*** than that of a hostile work environment claim.  (ECF No. 46, p. 10)(emphasis added).

Plaintiff's reliance on *EEOC v. Ecology Services, Inc.,* 447 F. Supp. 3d 420 (D. Md. 2020) to establish Payton's tips as income is also misplaced.  In *EEOC v. Ecology Services, Inc.,* the court held that testimony regarding how much Plaintiff earned from prior and subsequent employers was enough ***to calculate an award for back pay damages*** because, "[i]n awarding back pay damages, 'exactitude is not required.'" *Id.* at 447 (*quoting Hairston v. McLean Trucking Co.*, 520 F. 2d 226, 233 (4th Cir. 1975)).

## II.    <u>CONCLUSION</u>

In its Motion, Plaintiff merely reiterates arguments that this Court previously rejected, which is insufficient to justify reconsideration.  Defendant, therefore, respectfully requests that this Court deny Plaintiff's Motion for Reconsideration in its entirety.

Dated:  July 19, 2023.              Respectfully submitted,

/s/ *Dana B. Salmonson*
Anthony L. Martin (*admitted pro hac vice*)
Dana B. Salmonson (*admitted pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV  89135
Tel:  (702) 369-6800
Fax:  (702) 369-6888
anthony.martin@ogletree.com
dana.salmonson@ogletree.com

Robert R. Niccolini, D. Md. No. 24873
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
robert.niccolini@ogletreedeakins.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of July, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will serve notification upon the following counsel of record:

> Debra M. Lawrence
> Eric Stephen Thompson
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201-2525
> *Counsel for Plaintiff*

DATED:  July 19, 2023.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> /s/ *Dana B. Salmonson*
> Anthony L. Martin (*pro hac vice*)
> Dana B. Salmonson (*pro hac vice*)
> 10801 W. Charleston Blvd., Suite 500
> Las Vegas, NV 89135
>
> Robert R. Niccolini
> D. Md. No. 24873
> 1909 K Street, N.W., Suite 1000
> Washington, DC  20006
> *Attorneys for Defendant*