IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'24 MAR 26 AM 9:30

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> v. <br><br> GOLDEN ENTERTAINMENT, INC. <br><br> Defendant. | Case No. 1:20-cv-02811-LKG <br><br> HD <br> Rcv'd by: AN |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Golden Entertainment Inc., ("Golden" or "Defendant") alleging that Defendant violated Sections 703(a)(1) and 704(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)(1), by harassing Lisa Payton based on sex, retaliating against her for engaging in the protected activity of opposing harassment and discriminatory practices, and by constructively discharging her.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1

## Scope of Decree

1. For purposes of this Decree, Defendant shall include successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate. In the event that there is a transfer of ownership of Defendant during the Term of the Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business of the existence and contents of this Consent Decree.

2. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Lisa Payton. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

3. The Decree, which applies solely to the facility at which Lisa Payton was employed (i.e., at the Rocky Gap Casino, Resort & Golf in Flintstone, Maryland), shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of three (3) years, the Commission may seek to extend the duration of the Decree.

4. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case, and shall not be construed as an admission of a violation of the law by Defendant.

## Monetary Relief

5. Within thirty (30) days of entry of this Decree, Defendant shall pay Lisa Payton monetary relief in the total amount of $100,000, representing backpay, pecuniary and non-pecuniary compensatory damages. Defendant will issue Payton a W-2 and an IRS Form 1099 for the 2023 tax year for the compensatory and backpay damages amount, in the following amounts: (i) $5,000 as W-2 income; and (ii) $95,000 for compensatory damages for which an IRS Form 1099 -MISC. Within five days of the execution of the Decree, the EEOC shall provide Defendant with Payton's current address. The checks will be sent directly to Payton via UPS or FedEx delievery. A photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building 31 Hopkins Plaza, Suite 1432 Baltimore Maryland 21201, Attention: Eric S. Thompson.

6. Defendant will not condition the receipt of individual relief upon Payton's agreement to maintain as confidential the terms of this Decree or the facts of the case.

## Injunctive Relief

7. Defendant shall comply with all of the requirements of Title VII with respect to providing a workplace free from and is enjoined from engaging in unlawful sex discrimination by creating or maintaining a hostile work environment on the basis of sex. The prohibited hostile work environment includes the use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex, which creates a severe and/or pervasive hostile working environment, or interferes with the individual's work performance that violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to discriminate against any individual with respect to [her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(l).

## Written Policies & Procedures

8.  Within thirty (30) days of the entry of this Decree, Defendant will implement and maintain a detailed policy against harassment against employees who report harassment and/or oppose discriminatory employment practices.

9.  The policy required by Paragraph 8, above, shall include at least the following content: (a) a description of Title VII and the conduct prohibited by statute including sexual, racial and other forms of harassment; (b) a discussion of the meaning of the term "harassment" which makes clear that harassment based on disability, gender (including transgender status), sex (including sex stereotyping, pregnancy and sexual orientation), age, religion, race, color, national origin and genetic information is unlawful; (c) a clear definition of harassment including examples of conduct that constitutes harassment; (d) a discussion of the meaning of the term "sexual harassment" including examples of conduct that constitutes sexual harassment; (e) a statement that Golden Entertainment's corporate culture is a culture of mutual respect between employees and unprofessional conduct that does not rise to the level of harassment is unacceptable; (f) a statement of the importance of interactive communication with employees who believe they have witnessed and/or experienced harassment; (g) the establishment of a convenient and reliable means for reporting harassment that designates at least two separate and independent company officials as responsible for receiving harassment complaints; (h) the establishment of a means for disseminating the necessary contact information for reporting suspected harassment; (i) an assurance that Defendant will protect the confidentiality of harassment complaints to the greatest extent possible; (j) a procedure for investigating reports of harassment; (k) a procedure for responding in the event it is determined that harassment has occurred; (l) an assurance that the

employer will take immediate and proportionate corrective action when it determines that harassment has occurred and respond appropriately to behavior which may not be legally-actionable harassment but is inconsistent with the corporate culture of mutual respect between employees; and (m) a statement that the policy is applicable to interactions between co-workers that occur over social media.

10. The Policy required by Paragraph 8, above, shall also provide for the restoration of any lost terms, conditions or privileges of employment to the complaining employee, to the extent it is determined by Defendant that the complaining employee was subjected to and the victim of *quid pro quo* sex discrimination that resulted in the loss of any terms, conditions or privileges of the complaining employee's employment.

11. Defendant will distribute a copy of the written policies and procedures described in paragraphs 8-10 above to all employees within thirty (30) days of the entry of this Decree.

### Notice and Posting

12. Defendant will display and maintain the EEOC poster in each of its facilities in a place visually accessible to applicants and employees of Defendant.

13. Within thirty (30) days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by Defendant's President.

### Anti-Discrimination Training

14. Within four (4) months from the entry of this Decree and every year thereafter for the duration of the Decree, Defendant shall provide at least 3 hours of training on Title VII for all supervisory and management employees and 1.5 hours of training for all other employees. The

training will cover the policy required by paragraph 8, as well as non-retaliation and sexual harassment awareness. The training will make clear that the purpose of the training is to promote employee wellbeing by emphasizing that mutual respect is a key element of Defendant's corporate culture; train employees to recognize unacceptable behavior; and train employees to respond appropriately when they are bystanders to unacceptable behavior. The trainer shall not state that the purpose of the training is to promote legal compliance.

    a. The training shall be conducted by an experienced trainer who is capable of presenting non-retaliation and sexual harassment awareness as an essential element of employee wellbeing and a corporate culture of mutual respect. The trainer shall also have experience training bystanders to respond to unacceptable workplace behavior. The trainer shall be selected by Defendant and approved by the EEOC.

    b. Within ten (10) business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that Defendant has complied with the training requirement set forth in paragraph 14 and its subparts.

### Additional Monitoring Provisions

15. For the duration of this Decree, Defendant shall maintain records of all instances in which an employee reported sexual harassment, and for the duration of this Decree, shall, upon written request from the EEOC, provide EEOC with a written report containing, at a minimum, the name, address, and telephone number of the person who reported sexual harassment, the nature of the harassment reported and a statement of the outcome of the investigation including any disciplinary actions taken against the harasser and any restorative actions taken in favor of the complaining employee. A final report shall be completed by Defendant and made available to the

EEOC upon its request but no later than fifteen (15) business days before the date of the expiration of this Decree.

16. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, its records, and interviews with employees at reasonable times. Upon ten (10) business days' notice by the EEOC, Defendant will make available for inspection and copying records requested by the EEOC and employees sought to be interviewed by the EEOC related to Defendant's compliance with this Decree.

17. All notices and materials required by this Decree to be sent to the EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore Maryland 21201
> Attention: Eric S. Thompson

All notices and materials required by this Decree to be sent to the Defendant will be sent to:

> katherine.roden@goldenent.com
> Anthony.Martin@ogletree.com

The EEOC and Defendant may, from time to time, designate others to receive notices, reports and information under this Decree.

18. The Commission and Defendant shall bear their own costs and attorneys' fees.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                              FOR PLAINTIFF:

|  |  |
|---|---|
| *[signature]* 2/2/24<br>Robert R. Niccolini<br>D. Md. No. 24873<br>1909 K Street, N.W., Suite 1000<br>Washington, DC 20006<br><br>Anthony L. Martin (*pro hac vice*)<br>Wells Fargo Tower, Suite 1500<br>3800 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>*Attorneys for Defendant* | /S/ *Debra M. Lawrence*<br>Debra M. Lawrence<br>Regional Attorney<br><br>/S/ *Eric S. Thompson*<br>Eric S. Thompson<br>Senior Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Baltimore Field Office<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 |

IT IS SO ORDERED this 25th day of March, 2024

*[signature]*
Lydia K. Griggsby
United States District Judge

8